Basra v. Bondi

BIA
A078 725 336

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

HARINDER SINGH BASRA,
> *Petitioner,*

v.                                                          **12-3296**
                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Dustin P. Smith, Hughes Hubbard & Reed

LLP, New York, NY.

FOR RESPONDENT:                    Stuart F. Delery, Assistant Attorney General;
                                   Nancy E. Friedman, Senior Litigation Counsel;
                                   Andrew Oliveira, Trial Attorney, Office of
                                   Immigration Litigation, United States
                                   Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of
Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is DENIED.

Petitioner Harinder Singh Basra, a native and citizen of India, seeks review
of a July 23, 2012, decision of the BIA denying his motion to reopen his removal
proceedings. *In re Harinder Singh Basra*, No. A078 725 336 (B.I.A. July 23, 2012). We
assume the parties' familiarity with the underlying facts and procedural history.

As an initial matter, we deny Basra's request to file a supplemental brief
because the relevant law has not changed since he filed his opening brief.
Furthermore, we must "decide the petition only on the administrative record on
which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), and we do not
exercise any power to remand if "the basis for the remand is an instruction to
consider documentary evidence that was not in the record before the BIA" and
"the agency regulations set forth procedures to reopen a case before the BIA for

2

the taking of additional evidence," *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007).

We review the BIA's denial of a motion to reopen for abuse of discretion and we review factual findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Basra's 2012 motion to reopen was untimely and number-barred because it was his third motion to reopen filed more than seven years after the agency's 2004 final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i) (providing that one motion to reopen may be filed within 90 days of a final order of removal); 8 C.F.R. § 1003.2(c)(2) (same). The time and number limits do not apply if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The limits also may be excused based on ineffective assistance of counsel and "due diligence in pursuing the case." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006) (quoting *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000)). The BIA did not err in finding that neither changed conditions nor ineffective assistance excused the

3

limits here.

## A. Changed Conditions

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (identifying no error in the BIA's determination that "evidence submitted by petitioner in support of her motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

In his underlying proceedings, Basra was found not credible as to his claim that police detained and beat him and would do so again in the future. He made inconsistent statements regarding how many times he was arrested and what happened while he was detained, and there were striking similarities among his supporting affidavits. Basra's evidence in support of reopening—his own affidavit, his nephew's affidavit, complaints against his former attorneys, and

4

general country conditions evidence—did not rebut these findings but restated his original claim, discussed an alleged incident in 2011 when police purportedly detained and threatened his nephew in an effort to locate Basra, described his interactions with his attorneys in the United States, and discussed general conditions in India. The BIA also did not err in declining to credit his personalized evidence in light of the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the agency may decline to credit evidence when there has been a prior adverse credibility determination); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Because his evidence did not address his inconsistent statements or the similarities between his supporting affidavits, it did not rebut the underlying adverse credibility determination. Accordingly, the BIA did not err in concluding that any purported change was not material and could not excuse the time and number limitations on Basra's motion to reopen. *See Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3.

Moreover, contrary to Basra's contention, the country conditions evidence does not demonstrate worsened conditions for politically active Sikhs between his

5

2003 hearing and 2012 motion. Rather, the evidence shows continuing arrests of Sikh separatists and increased custodial deaths of all prisoners in the Punjab. *See Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) ("When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'") (quoting *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)); *see also Matter of S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type."). Thus, Basra failed to submit evidence of changed conditions to excuse the time and number limits. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

## B. <u>Ineffective Assistance</u>

Ineffective assistance may provide a basis for equitable tolling of the filing period. *See Cekic*, 435 F.3d at 170. To prevail on a claim of ineffective assistance of counsel, a movant must show that "competent counsel would have acted otherwise" and "that he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir. 1994) (quoting *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993)). Even if a movant establishes that prior counsel was ineffective, equitable tolling requires a demonstration of "due diligence" in pursuing the

6

ineffective assistance claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic*, 435 F.3d at 170 (requiring a demonstration of due diligence independent of the ineffective assistance of counsel).

The BIA did not err in concluding that Basra failed to demonstrate due diligence. Basra asserted that his former attorneys were ineffective for failing to file a brief in his appeal to the BIA, to inform him of the BIA's decision so he could petition for review, or to raise ineffective assistance claims in his first two motions to reopen.[1] However, the BIA dismissed Basra's appeal in 2004, and he admits that he discovered that his appeal was dismissed when he hired a new attorney in 2007. Yet Basra did not raise his claim that counsel was ineffective for failing to inform him of that decision until he filed his third motion to reopen more than three years later in 2011. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (explaining that the "petitioner bears the burden of proving that he has exercised due diligence

---

[1] We note that the BIA did not dismiss Basra's appeal for failure to file a brief and that his attorney timely petitioned for review of that decision, although that petition was later withdrawn.

7

in the period between discovering the ineffectiveness of his representation and filing the motion" and finding no due diligence where there was five-month delay in filing the motion).

Insofar as Basra argues that his former counsel was ineffective for failing to file a brief on appeal to the BIA and that his appeal was dismissed for that reason, he does not assert that he asked his counsel in 2007 why the BIA dismissed his appeal or that he otherwise attempted to discover the basis for the dismissal despite knowing then that his former attorney had deceived him by informing him that his appeal was still pending and failing to inform him of the BIA's decision. *See id*. Basra's contention that his former counsel should have raised these claims in his first and second motions to reopen—which were filed in 2009 and 2010— suffers from the same lack of diligence given the BIA's determination that he should have discovered his claims related to the BIA's 2004 decision earlier and his admission that he knew of that dismissal as early as 2007. *See Cekic*, 435 F.3d at 171 ("From the point at which the ineffective assistance of counsel should have been . . . discovered, 'an alien must demonstrate that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll.'") (alteration omitted) (quoting *Iavorski*, 232 F.3d at 135); *see also Jian Hua Wang*, 508 F.3d at 715.

8

Basra's failure to act diligently was dispositive of his ineffective assistance of counsel claim and thus that claim did not excuse the time and number limitations on his motion. *See Cekic*, 435 F.3d at 170.

Because Basra did not rebut the underlying adverse credibility determination, establish a material change in conditions, or show due diligence in raising his ineffective assistance of counsel claims, the BIA did not abuse its discretion in denying his motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court